IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LAWRENCE LEVY, et al.,** : | |
| Plaintiffs : | |
| : | |
| v. : | **CIVIL ACTION NO. PWG-04-492** |
| : | |
| **SAINT GOBAIN CERAMIQUES** : | |
| **AVANCEES DESMARQUEST,** : | |
| Defendant : | |

**MEMORANDUM OPINION**

This products liability action alleging personal injury resulting from a surgically-implanted fractured hip prosthesis was removed from the Circuit Court for Baltimore City. Document Nos. 1 and 2. Of the three companies initially named as party-defendants in the Complaint, only Saint Gobain Ceramiques Advancees Desmarquest ("Saint Gobain" or "Defendant") remained at trial. Saint Gobain admitted liability for the fracturing of the prosthesis, but denied that the fractured prosthesis caused Lawrence Levy's physical and mental pain. Following an eight-day trial, a jury awarded Plaintiffs damages in the amount of $183,875.00. Judgment was entered on February 22, 2006. Document No. 99.

Plaintiffs filed a timely Bill of Costs pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, seeking $61,461.80 in costs and associated expenses incurred for filing fees, service of summons and subpoena, depositions, hearing and trial transcripts, witness fees, medical records, as well as printing and copy work. Document Nos. 109 and 110. Defendant has opposed the Bill of Costs, and Plaintiffs have filed a reply. Document No. 120. No hearing is necessary. *See* Local Rule 105.6. For the reasons stated herein, Plaintiffs will be awarded costs in the amount of $ 5,775.82.

**STANDARD OF REVIEW**

Prevailing parties are entitled to move for an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides in pertinent part, "[e]xcept when express provision therefore is

made either in a statute of the United States or in these rules, costs ... shall be allowed as of course to the prevailing party unless the court otherwise directs..." The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs. *See Constantino v. American S/T Achilles*, 580 F.2d 121, 123 (4th Cir.1978); *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir.1999). *See also Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981); *Teague v. Bakker*, 35 F.3d 978, 995-96 (4th Cir.1994)).

Costs should be awarded if an expense sought is authorized by statute and is reasonably necessary to the litigation. *Charter Med. Corp. v. Cardin*, 127 F.R.D. 111, 113 (D. Md.1989). Those expenses which may be taxed relevant to this case are delineated in 28 U.S.C. § 1920 (2004).[1] Although an award of costs to a prevailing party is presumptively appropriate, the inclusion of particular, itemized costs within an award is within the discretion of the trial court. *See Advance Bus. Sys. & Supply Co. v. SCM Corp.*, 287 F.Supp. 143, 162 (D. Md.1968), aff'd 415 F.2d 55 (4th Cir.1969) (trial court has broad discretionary powers in allowing or disallowing costs); *Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir.1981) (§ 1920 enumerates expenses court may tax under discretionary authority found in Rule 54(d)).

Likewise, a trial court may refuse to award costs, or may even shift the burden of costs to the successful litigant provided that it articulates a reason for doing so.[2] 10 Charles A. Wright,

---

[1] Under 28 U.S.C. § 1920, a trial court may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees and disbursements for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under Section 1923;
(6) Compensation of court-appointed experts, compensation of interpreters, and slaries, fees, expenses, and costs of special interpreting services under Section 1828 of this title.

[2] *See, e.g., Collazo-Santiago v. Toyota Motor Corp.*, 957 F.Supp. 349, 359 (D.P.R. 1997), wherein the Court denied costs to a plaintiff who recovered $30,000. The Court there found that the Plaintiff had litigated in good faith, but had sustained relatively minor injuries.

Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2668 at 232 (3d ed. 1998). For example, in *Jackovics v. Kasner*, 48 F.R.D. 388, 389 (S.D.N.Y. 1969), costs were denied to a successful plaintiff and consequently given to a defendant where the Court found the case "exceedingly marginal" in light of "wispy evidence." Notwithstanding its discretion in this area, the court "may not depart from the normal practice of awarding fees to the prevailing party [who has requested costs] without first articulating some good reason for doing so." *Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir. 1990). *See also Constantino*, 580 F.2d at 123 (reversing district court's denial of costs where court stated no reason for its action).

As a preliminary matter, Defendant asserts that an assessment of costs in favor of the Levys is inappropriate because the Levys were not a "prevailing party" in this litigation. In support of this argument, Defendant asserts that (1) it admitted liability prior to Plaintiffs' expert disclosures, rather than having liability determined at trial; and (2) it persuaded the jury to substantially limit the damage award to well below the amount sought by Plaintiffs. I disagree.

As Defendant accurately notes, a prevailing party is "one who succeeds on any significant issue and thereby achieves *some of the benefit* he sought in commencing the litigation." *Abernathy v. Clarke*, 857 F.2d 237, 239 (4th Cir. 1988)(emphasis added). Here, Plaintiffs were awarded damages that, although significantly less than those initially sought, nonetheless represent "some of the benefit" that they sought by commencing the litigation. For this reason, Plaintiffs qualify as a "prevailing party" for the purposes of 28 U.S.C. § 1920.

With the foregoing in mind, I now turn to the specific issues associated with costs in this case.

**ASSESSMENT OF COSTS**

**A.  Filing Fees**

Plaintiffs are statutorily entitled to recover the $130.00 filing fee. *See* 28 U.S.C. § 1920(1).

**B**. **Service of Process**

Plaintiffs seek $200.00 charged by a private process server who served the initial summons and complaint upon both Zimmer Holdings, Inc. ("Zimmer Holdings") and Saint Gobain after the case was filed in the Circuit Court for Baltimore City. Although 28 U.S.C. § 1920(1) addresses only the taxation of costs associated with service by the U.S. Marshal's service, this Court recognizes that private process server fees are recoverable as costs under 28 U.S.C. § 1920. *Wyne v. Medo Industries, Inc.*, 329 F.Supp.2d 584, 590 (D. Md. 2004).[3] Defendant's attempt to distinguish *Wyne* on the basis that the service at issue was of deposition subpoenas, rather than initial process, is unpersuasive. In *Wyne*, the Court expressly stated that it was exercising its discretion to award private process server fees for only one deponent in *that specific litigation*. Accordingly, I will award the private process server's fee for serving Saint Gobain in the amount of $100.00.

Because judgment was not entered against Zimmer Holdings, Plaintiffs did not substantially prevail on their claims as to them, and the fees associated with serving them are not recoverable.

**C. Deposition Expenses**

Plaintiffs seek $5,292.18 associated with the taking of seven depositions, only $3,831.01 of which relates to actual deposition transcript costs - the only such costs recoverable under 28 U.S.C. § 1920(2). Under that provision of the statute, the cost of stenographic services, including the preparation of transcripts, is recoverable if the deposition is "necessarily obtained for use in the case." *Id.* Furthermore, a party is entitled to reimbursement for deposition costs "when the taking of the deposition is reasonably necessary at the time of its taking." *LeVay Corp. v. Dominion Fed. Sav. & Loan Assoc.,* 830 F.2d 522, 528 (4th Cir. 1987); *Wyne,* 329 F.Supp.2d at 590. A deposition transcript need not be admitted at trial to be considered a recoverable expense. *Simmons v.*

---

[3] *See also* Taxation of Costs in a Civil Case in the United States District Court for the District of Maryland at 5 (2002), *available at*: http://www.mdd.uscourts.gov/publications/forms/taxationcosts.PDF (hereinafter referred to as the Court's "Taxation Guidelines").

*O'Malley*, 235 F. Supp. 2d 442, 443 (D. Md. 2002).

Plaintiffs are entitled to recover the costs of the transcripts from seven depositions requested; however, the amount to which they are entitled is limited by the administrative rules of the Court. This district permits costs at the rate of $1.25 per page for deposition copies, and $3.50 per page for original depositions. *See* Taxation Guidelines at 6.

Plaintiffs will therefore be awarded deposition costs as follows:

| | | | |
|---|---|---|---|
| Dr. David Hungerford | 01/20/2005 | 216 pgs. | $240.00 |
| Lawrence Levy | 04/28/2005 | 222 pgs. | $277.50 |
| Lawrence & Sherri Levy | 11/22/2005 | 216 pgs. | $270.00 |
| Dr. Nelson Hendler | 01/17/2006 | 172 pgs. | $215.00 |
| Thomas Grogan | 11/02/2005 | 120 pgs. | $420.00 |
| Thomas C. Borzilleri, Ph.D. | 02/07/06 | 82 pgs. | $287.00 |
| Steve Kurtz, Ph.D. | 10/27/2005 | 113 pgs. | $395.50 |

**Total: $ 2,105.00**

The costs of handling, courier service, delivery, shipping, minuscripts, disks, and copying of exhibits typically are not recovered in this district. *See* Taxation Guidelines at 6. Plaintiffs therefore are not entitled to the $36.25 claimed for exhibits to the January 18, 2006 deposition of Thomas C. Borzilleri, Ph.D.

The remaining $1,424.92 sought by Plaintiffs in conjunction with depositions consist of hotel, food, and parking expenses for Attorney Marc Rosen, who traveled to Arizona to attend Dr. David Hungerford's January 20, 2005, deposition. Title 28 U.S.C. § 1920 does not specify an allowance for costs of an attorney's travel, therefore Plaintiffs are not entitled to reimbursement for this amount.

**D.     Hearing and Trial Transcripts**

Plaintiffs seek to recover the costs of the transcripts for both (1) the December 12, 2005 hearing regarding Plaintiff's Motion to Strike Experts, and (2) daily trial transcripts. I find that Plaintiffs are entitled to reimbursement for the $245.00 cost of the December 12, 2005 hearing transcript under 28 U.S.C. § 1920(2), insomuch as they relied on my rulings from the bench in their efforts to preclude certain defense expert witnesses from testifying. Although "daily transcript costs ... are recoverable in a proper case under 28 U.S.C. § 1920," this jurisdiction generally does not award costs for transcripts of trial proceedings unless (1) the transcript was needed for an appeal; (2) it was ordered or requested by the Judge; or (3) it was prepared with agreement by the parties that the costs would be taxed. *Compare Charter Med. Corp.* 127 F.R.D. at 113 (stating that daily transcript costs may be taxed); *with* Taxation Guidelines at 5 (setting forth the requirements for taxation of daily hearing transcripts in this jurisdiction).

None of the circumstances required for taxation of daily trial transcripts in this jurisdiction are present in the instant case. Moreover, I find that daily trial transcripts were not reasonably necessary to the presentation of the case because all trial witnesses were deposed before trial. *See Roberts v. Homelite Div. of Textron, Inc.*, 117 F.R.D. 637, 640 (N.D.Ind. 1987)(daily trial transcripts held not reasonably necessary for purposes of costs where trial witnesses were deposed before trial). Plaintiffs are therefore not entitled to recover these costs.

**E.     Expert Witness Fees**

The bulk of costs sought by Plaintiffs are associated with their expert witness fees. It is well established; however, that the fees paid to experts for their professional services are not allowable as costs under 28 U.S.C. §1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 441, 437

(1987). *See also Hansen v. Bradley*, 114 F.Supp. 382, 385 (D. Md. 1953). Therefore, for the reasons set forth below, Plaintiffs are entitled to only $1,053.88 out of the $45,667.03 requested for expert witness fees.

Although the fees charged by expert witnesses are not recoverable as costs, statutorily prescribed witness fees and expenses may be taxed in this jurisdiction. Indeed, 28 U.S.C. § 1920(3) contemplates this result, by permitting the taxation of "fees and disbursements for ... witnesses." *See also Simmons*, 235 F.Supp.2d at 443 (awarding costs for daily $40.00 witness fee mandated by 28 U.S.C. § 1821(b)).

Permissible witness costs are set forth in 28 U.S.C. § 1821. Pursuant to that statute, Plaintiffs may recover the $40.00 daily witness fees incurred by plaintiffs' expert witnesses for a total of $400.00. This includes $40.00 per day for the deposition testimony of Dr. Nelson Hendler, Dr. David Hungerford and Thomas Borzilleri,[4] as well as $40.00 per day for the trial testimony of Dr. Hendler, Dr. David Hungerford,[5] Dr. Marc Hungerford, Caroline Wilner,[6] and Thomas Borzilleri.

Plaintiffs will also be awarded costs for the parking fees of $11.00 and $16.00 incurred by trial witnesses Carol Wilner and Dr. David Hungerford, respectively, as well as Dr. Hungerford's

---

[4] Dr. Borzilleri appeared for deposition on two occasions. On one occasions, defense counsel failed to appear for the scheduled deposition. This witness will be permitted to recover a witness fee for both deposition appearances.

[5] Although this witness arrived in Baltimore a day prior to giving testimony, his testimony was completed in one day. He will be permitted to recover a witness fee for one day of trial.

[6] Dr. Wilner was available to testify on one day, but her testimony was postponed. She is awarded recovery for the two days she was available to testify at trial.

$618.60 airfare, and the $9.28 he spent on dinner.[7] *See* 28 U.S.C. § § 1821(c)(1) and (3), 1821(d)(1).

### F.     Medical Records

Plaintiffs seek $1,056.33 for copies of Mr. Levy's medical records obtained from various medical providers. These costs will be awarded to Plaintiffs under 28 U.S.C. § 1920(5) because they were "necessarily obtained for use in the case." *Grider v. Kentucky & Indiana Term. R.R. Co.*, 101 F.R.D. 311, 312 (W.D. Ky. 1984). *See also Mitchell v. City of San Diego Police Dept.*, 125 Fed. Appx. 206 (9th Cir. 2005)(awarding costs of obtaining plaintiff's medical records to prevailing defendants); *Wilhelm v. CSX Transp., Inc.*, 2005 WL 361482 (N.D. Ohio 2005).

### G.     Copy Work and Printing

Plaintiffs seek $1,286.45 for copy work. This amount includes the cost of (1) reproducing scans Mr. Levy's x-rays prepared by Defendant's expert in both color and black and white, (2) copying and bates numbering five (5) sets of Mr. Levy's medical records for use at trial, and (3) reproduction of medical illustrations at the request of the Court. For the reasons set forth below, Plaintiffs are entitled to recover $1,086.49.

Copying and printing documents for use in the case are taxable against the non-prevailing party, under 28 U.S.C. § 1920(4), which permits recovery of "fees and disbursements for exemplification and copies of papers necessarily obtained for use in the case." In this district, the term "papers" has been held to include the copying of photographs and the duplicating of x-rays. *Simmons*, 235 F. Supp. 2d at 444. Copies obtained merely for the convenience of counsel, however, ordinarily are not allowed. *Thomas v. Treasury Mgmt. Ass'n, Inc.*, 158 F.R.D.

---

[7] Plaintiff's may not recover amount of Dr. Hungerford's rental car or gas; first, because 28 U.S.C. § 1821(c)(1) contemplates that witnesses will travel by common carrier, and second, because they have not provided sufficient information for the Court to determine the appropriate amount of reimbursement for gas based on the government's applicable per diem rate.

364, 372 (D. Md. 1994). Likewise, copy work amounting to general office overhead is not reimbursable. *Advance Bus. Sys. & Supply Co.*, 287 F.Supp. at 162.

With regard to the first category of copying costs, I find that the reproduction of the scans Mr. Levy's x-rays were reasonably necessary for the presentation of the case. The second category, copies of Mr. Levy's medical records were likewise necessary to the presentation of the case; however, the cost of one of the two copies made for use by Plaintiff's counsel is not recoverable because it was most likely made for the convenience of counsel.[8] *See Charter Med. Corp.*, 127 F.R.D. at 114 (denying reimbursement of costs for duplicate copies). Finally, the Court specifically requested that Plaintiffs reproduce selected pages of CIBA Collection of Medical Illustrations for use at trial, therefore the cost of reproducing them is recoverable.

**CONCLUSION**

For the reasons stated above, costs are taxed in favor of Plaintiffs and against Defendant in the total amount of **$ 5,775.82.**

                                                                           /S/
                                                          Paul W. Grimm
                                       United States Magistrate Judge

---

[8] Plaintiff's Bill of Costs and accompanying paperwork represents that five (5) copies of Mr. Levy's medical records were made at a cost of $999.80, including bates numbering. I have divided this figure by five to assign a value of $199.96 to this extra set of copies.